**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(CENTRAL DIVISION)**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CLARK-CUTLER-MCDERMOTT | : | Case No. 16-41188 (CJP) |
| COMPANY, *et al.,* | : | |
| | : | (Jointly Administered and |
| Debtors | : | Substantively Consolidated) |

------------------------------------------------------------------x

| | | |
|---|---|---|
| CRAIG R. JALBERT, in his capacity as | : | |
| Liquidating Trustee, | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | Adv. Proc. No. 18-04086 |
| CIT GROUP INC., THE CIT | : | |
| GROUP/COMMERCIAL SERVICES, INC., | : | |
| And HANA FINANCIAL, INC. | : | |
| Defendants. | : | |

------------------------------------------------------------------x

**CIT'S ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 550 AND TO**
**DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502**

Defendants CIT Group Inc. and The CIT Group/Commercial Services, Inc.

(collectively, "CIT"), by its attorneys, Hahn & Hessen LLP, answering the Amended

Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550

dated January 3, 2019 (the "Complaint") of the plaintiff, Craig R. Jalbert, in his capacity as

Liquidating Trustee (the "Plaintiff") respectfully alleges as follows:

## NATURE OF THE CASE

1.      Paragraph "1" of the Complaint sets forth Plaintiff's description of this

action for which no response is required.

2.      Paragraph "2" of the Complaint sets forth Plaintiff's description of this

action and a reservation of rights for which no response is required other than indicating

that CIT likewise reserves all of its rights to respond to any objections to claims which may
be filed by the Plaintiff.

## JURISDICTION AND VENUE

3.     Paragraph "3" of the Complaint calls for a legal conclusion for which
no response is required.

4.     CIT neither admits nor denies the allegations contained in Paragraph
"4" of the Complaint and respectfully refers the Court to the terms of the Complaint and the
provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure referred
to therein for the import thereof.

5.     Paragraph "5" of the Complaint calls for a legal conclusion for which
no response is required.

6.     Paragraph "6" of the Complaint calls for a legal conclusion for which
no response is required.

## PROCEDURAL BACKGROUND

### A.  The Bankruptcy Case

7.     Upon information and belief, CIT denies knowledge or information
sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the
Complaint and respectfully refer the Court to the docket of these proceedings and the terms
of the documents referenced therein for the provisions and import thereof.

8.     Upon information and belief, CIT denies knowledge or information
sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the
Complaint and respectfully refer the Court to the docket of these proceedings and the terms
of the documents referenced therein for the provisions and import thereof.

9.      Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint and respectfully refer the Court to the docket of these proceedings and the terms of the documents referenced therein for the provisions and import thereof.

10.      Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint to the extent they refer to the filing of a pleading or entry of an order on the docket of these proceedings, and respectfully refer the Court to such docket and the terms of the documents referenced therein for the provisions and import thereof.

11.      Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint to the extent they refer to the filing of a pleading or entry of an order on the docket of these proceedings, and respectfully refer the Court to such docket and the terms of the documents referenced therein for the provisions and import thereof.

12.      Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint to the extent they refer to the filing of a pleading or entry of an order on the docket of these proceedings, and respectfully refer the Court to such docket and the terms of the documents referenced therein for the provisions and import thereof.

13.      Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint to the extent they refer to the filing of a pleading or entry of an order on the

docket of these proceedings, and respectfully refer the Court to such docket and the terms of the documents referenced therein for the provisions and import thereof.

**B.  The Adversary Proceeding**

14.    Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Complaint to the extent they refer to the filing of a pleading or entry of an order on the docket of these proceedings, and respectfully refer the Court to such docket and the terms of the documents referenced therein for the provisions and import thereof.

15.    CIT admits that the Court has entered various orders extending the time for CIT to respond to the Complaint, and that the time to respond to the Complaint has not yet expired.  To the extent Paragraph "15" of the Complaint refers to the filing of a pleading or entry of an order on the docket of these proceedings, CIT respectfully refers the Court to such docket and the terms of the documents referenced therein for the provisions and import thereof.

16.    Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint to the extent they refer to the filing of a pleading or entry of an order on the docket of these proceedings, and respectfully refer the Court to such docket and the terms of the documents referenced therein for the provisions and import thereof.

17.    Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

-4-

Case 18-04086    Doc 47    Filed 09/10/19    Entered 09/10/19 12:21:30    Desc Main
Document    Page 5 of 16

## PARTIES

18.     Upon information and belief, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint to the extent they refer to the filing of a pleading or entry of an order on the docket of these proceedings, and respectfully refer the Court to such docket and the terms of the documents referenced therein for the provisions and import thereof.

19.     CIT denies the first sentence of the allegations contained in Paragraph "19" of the Complaint. CIT admits the remainder of the allegations contained in Paragraph 19 of the Complaint.

20.     CIT denies the first sentence of the allegations contained in Paragraph "20" of the Complaint as it relates to the Transfers. CIT admits the remainder of the allegations contained in Paragraph 20 of the Complaint.

21.     CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

## FACTUAL ALLEGATIONS

### A.  The Events Leading to the Debtors' Bankruptcy

22.     CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23.     CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

24.     CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint.

25.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint.

26.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Complaint.

27.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Complaint.

28.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Complaint.

29.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Complaint.

**B.  The Parties' Business Relationships**

30.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of the Complaint.

31.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Complaint.

32.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph "32" of the Complaint, and further denies knowledge or information as to the terms of any such Hana Factoring Agreement or the grant of any security interest thereunder.  CIT admits that it entered into certain factoring and/or financing agreements with Consolidated Fibers Inc. ("Consolidated") which granted CIT certain interests in the assets of Consolidated in exchange for various financial accommodations made by CIT to Consolidated.

33.    CIT admits that it is a party to the Assignment of Monies, but denies the remainder of Paragraph "33" of the Complaint and further asserts that the terms and provisions of the Assignment of Monies speaks for itself.

34.    CIT admits that it is a party to the Assignment of Monies which was entered into between Consolidated, Hana Financial, Inc. ("Hana") and CIT, which provides CIT with an assignment of amounts due to Consolidated from Hana in relation to Hana's obligations under the Hana Factoring Agreement (as defined in the Complaint), and a direction to Hana to remit amounts owed to Consolidated pursuant to the Hana Factoring Agreement to CIT.  CIT further denies the characterization of the Assignment of Monies set forth in Paragraph "34" of the Complaint.

35.    Except as otherwise set forth in this paragraph, CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph "35" of the Complaint and the first clause of the second sentence of Paragraph "35" of the Complaint.  CIT denies the allegations contained in the second clause of the second sentence of Paragraph "35" of the Complaint.

**C.  <u>The Transfers to the Defendants</u>**

36.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Complaint because Plaintiff has failed to provide sufficient information to make a determination, but in any event responds that the content of Exhibit A speaks for itself.

37.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Complaint.

Case 18-04086    Doc 47    Filed 09/10/19    Entered 09/10/19 12:21:30    Desc Main
Document    Page 8 of 16


38.    CIT denies that any of the Transfers were made to or for the benefit of CIT.  CIT further denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Complaint because Plaintiff has failed to provide sufficient information to make a determination, but in any event responds that the content of Exhibit A speaks for itself.

39.    Paragraph "39" of the Complaint sets forth Plaintiff's reservation of rights to amend the Complaint for which no response is required but in any event CIT reserves their rights in full to respond to any such amendment.

## CLAIMS FOR RELIEF

## COUNT I

### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

40.    CIT repeats and realleges the allegations set forth in Paragraphs "1" through "39" above with respect to the allegations contained in Paragraph "40" of the Complaint.

41.    CIT denies the allegations contained in Paragraph "41" of the Complaint.

42.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint.

43.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of the Complaint and denies such allegations as they relate to CIT.

-8-

45.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "45" of the Complaint.

46.    CIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "46" of the Complaint.

47.    CIT responds that the content of Exhibit A speaks for itself, but in any event denies that any Transfers made were preferential or may be avoided.

48.    CIT denies the allegations contained in the first sentence of Paragraph "48" of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph "48" of the Complaint as CIT does not know the truth or accuracy of the Debtors' bankruptcy schedules and proofs of claims filed by various creditors.

49.    CIT denies the allegations contained in Paragraph "49" of the Complaint.

## COUNT II

### (Avoidance of Fraudulent Conveyance – 11 U.S.C. § 548(a)(1)(B)

50.    CIT repeats and realleges the allegations set forth in Paragraphs "1" through "49" above with respect to the allegations contained in Paragraph "50" of the Complaint.

51.    CIT denies the allegations contained in Paragraph "51" of the Complaint.

52.    CIT denies the allegations contained in Paragraph "52" of the Complaint.

## COUNT III

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

53.     CIT repeats and realleges the allegations set forth in Paragraphs "1" through "52" above with respect to the allegations contained in Paragraph "53" of the Complaint.

54.     CIT denies the allegations contained in Paragraph "54" of the Complaint.

55.     CIT denies the allegations contained in Paragraph "55" of the Complaint.

56.     CIT denies the allegations contained in Paragraph "56" of the Complaint.

## COUNT IV

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

57.     CIT repeats and realleges the allegations set forth in Paragraphs "1" through "56" above with respect to the allegations contained in Paragraph "57" of the Complaint.

58.     CIT denies the allegations contained in Paragraph "58" of the Complaint.

59.     CIT admits that it has not paid the amount of the Transfers to Plaintiff, but denies that CIT is liable to return the Transfers to Plaintiff.

60.     CIT denies the allegations contained in Paragraph "60" of the Complaint.

61.   CIT denies the allegations contained in Paragraph "61" of the Complaint.

## ADDITIONAL FACTS COMMON TO ALL DEFENSES

62.   CIT had a business relationship with Consolidated, whereby Consolidated was a client of The CIT Group/Commercial Services Inc., and was provided with certain financial accommodations by CIT, but Consolidated did not sell or assign to CIT any accounts receivable paid by the Debtors during the preference period.

63.   Accordingly, at no time relevant to the Complaint was CIT a "creditor" of the Debtors in relation to the Debtors' transactions with Consolidated and the Transfers.  At no time were any of the Transfers made to or for the benefit of CIT.  At no time relevant to the Complaint did the Debtors owe CIT money such that the Transfers were not made on account of "antecedent debt owed by the debtor" to CIT.  Finally, at no point in time did CIT actually receive any of the Transfers.

64.   To the extent CIT received any remittances from Hana after Hana received the Transfers, such remittances represented payment for independent obligations of Hana owed to Consolidated arising under the Hana Factoring Agreement and did not constitute a conveyance of the Transfers.  Accordingly, such funds remitted to CIT were never property of the Debtors and did not constitute a subsequent transfer of property originated from the Debtors.

65.   Accordingly, with respect to CIT, the Plaintiff has failed to state a claim.  Notwithstanding Plaintiff's failure to state a claim, CIT reserves its rights to assert all of the additional defenses to avoidance and recovery of the Transfers as set forth below.

-11-

## FIRST DEFENSE

66.     The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Bankruptcy Rule 7012(b).

## SECOND DEFENSE

67.     The Complaint fails to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

68.     The Transfers were (a) in payment of debts incurred by the Plaintiff in the ordinary course of business or financial affairs of the Plaintiff and the Defendants; and (b) (i) were made in the ordinary course of business or financial affairs of the Plaintiff and the Defendants, or (ii) were made according to ordinary business terms.  Accordingly, the Transfers may not be avoided pursuant to 11 U.S.C. § 547(c) (2).

## FOURTH DEFENSE

69.     Subsequent to its receipt of the Transfers, Defendants gave new value to and for the benefit of the Debtors, not secured by an otherwise unavoidable security interest, on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendants.  The new value that Defendants gave to the Debtors was in amounts sufficient to diminish or eliminate any recovery that the Plaintiff alleges it is entitled to in the Complaint.  Accordingly, the Transfers may not be avoided by the Plaintiff pursuant to 11 U.S.C. § 547(c)(4).

## FIFTH DEFENSE

70.    The Transfers to Defendants were intended by the Plaintiff and Defendants to be a contemporaneous exchange for new value given to the Plaintiff and were in fact a substantially contemporaneous exchange. Accordingly, the Transfers may not be avoided by the Plaintiff pursuant to 11 U.S.C. § 547(c)(1).

## SIXTH DEFENSE

71.    One or more of the Transfers are not recoverable because they were prepayments or a return of unpaid for goods and therefore were not made on account of antecedent debt.

## SEVENTH DEFENSE

72.    The Transfers are not recoverable from CIT because CIT was not a creditor of the Debtors at the time of the Transfers.

## EIGHTH DEFENSE

73.    The Transfers are not recoverable from CIT because the Transfers were not made to or for the benefit of CIT.

## NINTH DEFENSE

74.    The Transfers are not recoverable from CIT because CIT did not receive the Transfers.

## TENTH DEFENSE

75.    The Transfers are not recoverable because the Debtors were not insolvent at the time the Transfers were made.

## ELEVENTH DEFENSE

76.     Defendants acted in good faith and provided Plaintiff with value in accordance with the requirements of 11 U.S.C. § 548(c). Accordingly, the Transfers may not be avoided by the Plaintiff pursuant to 11 U.S.C § 548(c).

## TWELVETH DEFENSE

77.     The Transfers may not be recovered by Plaintiff pursuant to 11 U.S.C. § 550 because, to the extent CIT received any of the Transfers, CIT took such Transfers for value, in good faith and without knowledge of the alleged voidability thereof.

## THIRTEENTH DEFENSE

78.     The Transfers may not be recovered by Plaintiff pursuant to 11 U.S.C. § 550 to the extent the Plaintiff has already recovered the value of such Transfers from another transferee, including Consolidated.

## FOURTEENTH DEFENSE

79.     CIT reserves the right to assert any other claims or defenses as may be available or become available to it during the course of these proceedings.

**WHEREFORE**, CIT, demands judgment:

(a)    dismissing the Complaint;

(b)    for the costs and disbursements of this adversary proceeding; and

(c)    for such other and further relief as the Court deems just and proper.

Dated:  September 10, 2019

**HAHN & HESSEN LLP**
Attorneys for CIT Group Inc. and The CIT
Group/Commercial Services, Inc.


By:  */s/ Rosanne Thomas Matzat*
    Rosanne Thomas Matzat [PHV-28248]
    A Member of the Firm
    488 Madison Avenue, 15th Floor
    New York, NY 10022
    (212) 478-7200 - Telephone
    (212) 478-7400 - Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I, Rosanne T. Matzat, hereby certify that on September 10, 2019, a true and correct copy of

CIT's Answer to Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547,

548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. §502 was served upon the

following counsel by first class U.S. mail, postage prepaid:

Adrienne K. Walker
Timothy J. McKeon
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

*-and-*

Joseph L. Steinfeld, Jr., Esq.
Kara E. Casteel, Esq.
Bridgette G. McGrath, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121

*-and-*

Edward E. Neiger, Esq.
151 West 46th St., 4th Floor
New York, NY 10036

                                    */s/ Rosanne Thomas Matzat*
                                    Rosanne Thomas Matzat [PHV-28248]